IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LORI A. ANDERSON, | ) | CASE NO. 4:13 CV 1302 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

**A.    Nature of the case and proceedings**

Before me[1] is an action by Lori A. Anderson under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income.[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4] Under my initial[5] and

---

[1] ECF # 18. The parties have consented to my exercise of jurisdiction.

[2] ECF # 1.

[3] ECF # 14.

[4] ECF # 15.

[5] ECF # 8.

procedural[6] orders, the parties have briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9] They have participated in a telephonic oral argument.[10]

**B.     Background facts and decision of the Administrative Law Judge ("ALJ")**

The ALJ, whose decision became the final decision of the Commissioner, found that Anderson had the following severe impairments: diabetes mellitus, obesity, osteoarthritis, hypertension, and bipolar disorder.[11]

The ALJ made the following finding regarding Anderson's residual functional capacity ("RFC"):

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can lift, carry, push, and pull twenty pounds occasionally and ten pounds frequently. She can sit, stand, and walk, each six out of eight hours. The claimant cannot climb ladders, ropes, or scaffolds. She must avoid concentrated exposure to hot and cold. She must also avoid workplace hazards, such as unprotected heights or dangerous moving machinery. The claimant is limited to simple, routine tasks that do not involve arbitration, negotiation, confrontation, directing the work of others, or being responsible for the safety or welfare of others. She cannot perform work requiring strict production quotas. The claimant cannot perform piece rate

---

[6] ECF # 16.

[7] ECF # 19 (Anderson's brief); ECF # 20 (Commissioner's brief).

[8] ECF # 20-1 (Commissioner's charts); ECF # 19 at 13-15 (Anderson's charts).

[9] ECF # 19 at 2-4 (Anderson's fact sheet).

[10] ECF # 24.

[11] Transcript ("Tr.") at 11.

work or assembly line work. She is limited to only superficial interaction with others.[12]

The ALJ decided that this RFC precluded Anderson from performing her past relevant work as a state-tested nurse's assistant.[13]

Based on an answer to a hypothetical question posed to the vocational expert ("VE") at the hearing setting forth the RFC finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Anderson could perform.[14] The ALJ, therefore, found Anderson not under a disability.[15]

**C.    Issues on judicial review and decision**

Anderson asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, as confirmed during the oral argument herein, Anderson presents the following issues for judicial review:

- Does substantial evidence support the ALJ's decision to exclude from the RFC finding a limitation to a need to lie down or at least an hour once or twice a week?

- Does substantial evidence support the ALJ's decision to exclude from the RFC finding a limitation of breaks of one to three hours two or three times a week for spontaneous and uncontrolled crying spells?

---

[12] *Id.* at 13.

[13] *Id.* at 17.

[14] *Id.* at 19.

[15] *Id.*

For the reasons that follow, I will conclude that the ALJ's finding of no disability is supported by substantial evidence and, therefore, must be affirmed.

## Analysis

**A.     Standards of review**

*1.     Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[16]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner

---

[16] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

survives "a directed verdict" and wins.[17] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[18]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

**B.     Application of standards**

Anderson's challenge rests on the VE's answers to two, alternative hypothetical questions put to the VE by her counsel at the hearing before the ALJ.

The ALJ propounded a hypothetical to the VE incorporating the limitations in the RFC finding.[19] In response the VE identified a substantial number of existing jobs.[20]

Anderson's counsel propounded an alternative hypothetical adding a limitation of the need to lie down one or two times a week or at least an hour at a time because of the side effects of diabetes.[21] In response the VE replied that there would be no jobs.[22] Anderson's counsel then propounded a second alternative hypothetical providing for breaks two to three

---

[17] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[18] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[19] *Id.* at 47, 48.

[20] *Id.* at 48.

[21] *Id.* at 49-50.

[22] *Id.* at 50.

times a week, one to three hours in length, to address spontaneous and uncontrolled crying spells.[23] The VE responded that no jobs would exist.[24]

Obviously, if the ALJ erred in excluding from the RFC either of the limitations incorporated into the alternative hypotheticals, the "no disability" decision must be reversed.

At the oral argument I asked Anderson's counsel about the evidence that would support these additional limitations in the alternative hypotheticals. He referenced only the hearing testimony of Anderson.

To be sure, Anderson testified to having to lie down for an hour once a week because of hypoglycemia.[25] She also testified to spells of anger and crying "no less than three times a week" caused by her bipolar disorder.[26]

A review of the treatment notes of Carl McGowan, M.D., her treating physician, contained no references to hypoglycemia. And he reported in August of 2010 that Anderson had no functional restrictions related to her mental impairments.[27]

The Commissioner on pages 13 through 15 of the brief details the extensive record evidence, including objective medical findings, supportive of the physical and mental

---

[23] *Id.*

[24] *Id.*

[25] *Id.* at 34.

[26] *Id.*

[27] *Id.* at 280.

limitations incorporated into the RFC finding.[28] This constitutes substantial evidence in support of the RFC finding, the operative hypothetical posed to the VE, the VE's answer to that hypothetical, and the "no disability" finding.

Anderson bears the burden of proof at step four.[29] Anderson cannot rely on subjective evidence – her testimony – to overcome otherwise substantial objective medical evidence in support of the exclusion of the contested limitations.

## Conclusion

Substantial evidence supports the finding of the Commissioner that Anderson had no disability. The denial of Anderson's applications is affirmed.

IT IS SO ORDERED.


Dated: June 30, 2014				s/ William H. Baughman, Jr.
						United States Magistrate Judge

---

[28] ECF # 20 at 13-15.

[29] *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999).